J-S70004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MCARTHUR FRANK HICKSON | : | |
| | : | |
| Appellant | : | No. 943 MDA 2017 |

Appeal from the PCRA Order May 24, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000606-2009,
CP-06-CR-0004746-2009

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 28, 2017**

Appellant, McArthur Frank Hickson, appeals *pro se* from the order entered in the Berks County Court of Common Pleas, which dismissed his *pro se* serial petition for collateral relief (labeled as a petition for writ of *habeas corpus*) per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On September 9, 2010, Appellant entered negotiated guilty pleas at Docket No. 0606-2009 and Docket No. 4746-2009; at each docket, Appellant pled guilty to one count each of possession with intent to distribute ("PWID") and persons not to possess a firearm.  That same day, the court sentenced Appellant to an aggregate term of 8-20 years' incarceration.  On September 29, 2011, this Court dismissed Appellant's appeal for failure to file a brief.  Appellant did not seek further review, so the judgment of sentence became final on Monday, October 31, 2011.

Appellant timely filed his first *pro se* PCRA petition at both dockets on December 21, 2011. The PCRA court appointed counsel, who filed a motion to withdraw as counsel and **Turner**/**Finley**[1] no-merit letter on February 6, 2012. On February 16, 2012, the PCRA court granted counsel's motion to withdraw and issued Rule 907 notice. The PCRA court subsequently dismissed Appellant's PCRA petition on March 12, 2012. On September 14, 2012, this Court affirmed the denial of PCRA relief. **See Commonwealth v. Hickson**, 60 A.3d 852 (Pa.Super. 2012) (unpublished memorandum). Appellant filed on January 6, 2015, a *pro se* petition for writ of *habeas corpus* at both dockets, which the PCRA court deemed Appellant's second PCRA petition. On March 17, 2015, the PCRA court dismissed Appellant's petition. This Court affirmed on September 24, 2015, and our Supreme Court denied allowance of appeal on February 8, 2016. **See Commonwealth v. Hickson**, 133 A.3d 78 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 635 Pa. 722, 131 A.3d 490 (2016). On March 7, 2016, Appellant filed a *pro se* "Application for Clarification" at Docket No. 4746-2009, which the PCRA court deemed Appellant's third PCRA petition at that docket number. The PCRA court dismissed Appellant's petition on March 17, 2016. On September 7, 2016, this Court affirmed. **See Commonwealth v. Hickson**, 158 A.3d 170 (Pa.Super. 2016)

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

(unpublished memorandum). On March 6, 2017, Appellant filed at both dockets the current *pro se* petition for writ of *habeas corpus*, which the PCRA court deemed Appellant's third PCRA petition at Docket No. 0606-2009 and his fourth PCRA petition at Docket No. 4746-2009. The PCRA court issued Rule 907 notice on April 27, 2017. Appellant filed a response on May 19, 2017. On May 24, 2017, the PCRA court dismissed Appellant's petition. Appellant timely filed a *pro se* notice of appeal on June 8, 2017. On June 13, 2017, the PCRA court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied on July 3, 2017.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited

circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant challenges the PCRA court's denial of Appellant's first PCRA petition without an evidentiary hearing and insists initial PCRA counsel rendered ineffective assistance of counsel. Appellant's claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (ii). Thus, the court properly treated Appellant's most recent prayer for relief as a PCRA petition. **See Peterkin, supra**. Nevertheless, Appellant's judgment of sentence became final on Monday, October 31, 2011, upon expiration of the time to file a petition for allowance of appeal in our Supreme Court. **See** Pa.R.A.P. 1113(a). Appellant filed the current, *pro se* serial petition for collateral relief on March 6, 2017, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert any of the exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Turner, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/28/2017</u>